UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

RAWL MARS,

                        Plaintiff,

                 -against-

THE CITY OF NEW YORK; POLICE
DEPARTMENT OF THE CITY OF NEW YORK;
POLICE OFFICER ROMANO (Tax Registry #
940667); and JOHN DOES 1-10, intended to be the
other police officers who arrested the plaintiff,

                       Defendants.

------------------------------------------------------------- X

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ **DEC 27 2011** ★

**BROOKLYN OFFICE**

CV-11-6307

**Jury Trial Demanded**

**SUMMONS ISSUED**

MAUSKOPF, J.

LEVY, M.J.

11 Civ. _____ (___)

Plaintiff, complaining of the defendant, by his attorneys, THE BERKMAN

LAW OFFICE, LLC, alleges for his complaint as follows:

## THE PARTIES

1.     At all times mentioned herein, the plaintiff, RAWL MARS is a

natural person residing in the City and State of New York, County of Kings.

2.     Upon information and belief, the defendant THE CITY OF NEW

YORK ("City") is a municipal corporation organized and existing under the laws of the

State of New York.

3.     Upon information and belief, the defendant POLICE

DEPARTMENT OF THE CITY OF NEW YORK ("Police Department") is a division or

department of the defendant City.

4.      Upon information and belief, at all times relevant to this complaint, the defendant Police Officer Romano, whose Tax Registry number is 940667, is a New York City police officer who was assigned to the 70th precinct on August 19, 2009.

5.      The defendants named herein as JOHN DOES 1 -10 are intended to be the police officers who arrested the plaintiff and who were involved with filing charges against the plaintiff on or about August 19, 2009. At this time, the names of these officers are unknown to the plaintiff.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this matter pursuant to 28 USC § 1331, as plaintiff asserts a cause of action under 42 USC § 1983.

7.      Venue is properly placed in the United States District Court for the Eastern District of New York since, upon information and belief, one or more of the defendants resides in this District, and/or a substantial part of the events or omissions giving rise to the claim occurred in this district. See 28 U.S.C. § 1391(b)(1) and (2).

## THE UNDERLYING FACTS

8.      Upon information and belief, on or about August 19, 2009, at approximately 8:00 p.m., the plaintiff was at home, in an apartment in a building owned by his family, at 27 Lenox Road, Brooklyn, New York.

9.      At the aforementioned date and time, the plaintiff observed flashlights being shined into the windows of the building, and heard voices and sounds of people prowling around the outside the building.

-2-

10.     Suspicious that someone was up to no good, the plaintiff went outside the building to see who was prowling around and shining lights into the windows.

11.     At the aforementioned date and time, without any cause or warning, Police Officer Romano and several other officers jumped on the plaintiff, knocked him to the ground, handcuffed him, placed him under arrest, took him to the police precinct, and held him in custody for a lengthy period of time.

12.     As a result of the defendants' conduct, the plaintiff's foot was wrenched back, and he was caused to suffer lacerations to his face and mouth, as well as pain and irritation from the handcuffs, and bruises about his body.

13.     The defendants' conduct in arresting the plaintiff was utterly without basis. Whomever the defendants were looking for was not the plaintiff, and it appears the plaintiff was arrested without any cause or provocation whatsoever, while he was lawfully present at his residence, engaged in no wrongdoing.

14.     In order to cover up for their baseless conduct towards the plaintiff as described herein, the defendants, specifically Police Officer Romano, issued the plaintiff a Desk Appearance Ticket ("DAT") with a charge of Disorderly Conduct in violation of Penal Law 240.20.

15.     Upon information and belief, at the time the DAT was issued, the defendants knew the plaintiff has done nothing wrong, that their arrest of the plaintiff was baseless and unlawful, and that they had used excessive force in their encounter with the plaintiff.

16.     Ultimately, all charges against the plaintiff were dismissed outright.

17.     Upon information and belief, the defendants never had any probable cause to arrest the plaintiff.

### AS AND FOR A CLAIM FOR RELIEF

18.     Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

19.     Upon information and belief, at all times relevant to this complaint, the defendants were acting under the color of state authority.

20.     Upon information and belief, at all times relevant to this complaint, the defendants subjected the plaintiff to the aforementioned conduct, which constituted a deprivation of his rights, privileges, and immunities secured by the Constitution and laws of the United States of America and the State of New York.

21.     Among other things, the defendants wrongfully deprived the plaintiff of his liberty by subjecting him to arrest; subjecting him to unwarranted and excessive force; arresting him without probable cause that he had done anything wrong; charging him with Disorderly Conduct to cover up for their wrongful conduct; maliciously prosecuting the plaintiff; and causing the plaintiff to be detained under arrest and subject to criminal prosecution.

22.     In addition to the damages suffered by the plaintiff as a result of being deprived of his liberty, as described above, the plaintiff was also damaged in that he suffered injury to his foot, face, wrists and body as described above; he spent several

-4-

hours under arrest; was charged with Disorderly Conduct and was required to answer those charges until the charges were dismissed; was made to live under a pall of accusation; required to undergo diagnostic testing and treatment with drugs and medications; required to receive medical care and attention; severe mental anguish and distress and emotional upset; extensive expenses have been and/or will be incurred for medical and hospital treatment; claimant has been otherwise injured; all of which injuries are permanent and extending into the future

23. Upon information and belief, the conduct of the defendants was consistent with the policies of the defendants City and Police Department, and as such the defendants City and Police Department are directly liable for the actions of the police officer defendants.

24. Specifically, upon information and belief, the defendants CITY and NYPD are aware that officers frequently file charges of disorderly conduct against individuals whom they have falsely arrested in an effort to cover up for their misconduct.

25. Additionally, the defendants City and Police Department are vicariously liable for the actions of the police officer defendants as the actions alleged herein were within the scope of the employment of the police officer defendants.

26. The defendants are jointly and severally liable.

27. By reason of the foregoing, the plaintiff is entitled to recover from the defendant pursuant to 42 U.S.C. § 1983 for the full extent of his damages, in an amount to be determined at trial, but not to exceed $25,000,000.

**WHEREFORE**, the plaintiff demands judgment against the defendant in the amounts and for the relief requested herein, plus attorney's fees to the extent permitted by law.

Dated:  New York, New York
        December 23, 2011

                Yours,

                THE BERKMAN LAW OFFICE, LLC
                *Attorneys for the Plaintiff*

                by: _____
                    Robert J. Tolchin

                111 Livingston Street, Suite 1928
                Brooklyn, New York 11201
                718-855-3627